# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | |
|---|---|
| **CHRISTOPHER SMALL** | **CASE NO.: 5:26-cv-984** |
| Plaintiff, | |
| vs. | |
| **OFFICER ETHAN SULEK**<br>**(In his Official and Individual Capacities)**<br>C/O<br>Akron Police Department<br>217 S. High Street<br>Akron, Ohio 44308 | **PLAINTIFF'S COMPLAINT** |
| C/O<br>Akron Law Director<br>172 S. Broadway, Suite 200<br>Akron, Ohio 44308 | **(Jury Demand Endorsed Hereon)** |
| and | |
| **OFFICER MICHAEL IDOV**<br>**(In his Official and Individual Capacities)**<br>C/O<br>Akron Police Department<br>217 S. High Street<br>Akron, Ohio 44308 | |
| C/O<br>Akron Law Director<br>172 S. Broadway, Suite 200<br>Akron, Ohio 44308 | |

Plaintiff Christopher Small, by and through counsel, brings this Complaint against Defendants Ethan Sulek and Michael Idov (collectively, "Defendants"), and makes the following allegations upon personal knowledge as to Plaintiff's own acts and upon information and belief, and states as follows:

## INTRODUCTION

1. This cause of action arises out of Christopher Small's April 11, 2025, encounter with members of the Akron Police Department at 1073 Orlando Ave, Akron, Ohio 44320.

2. Plaintiff alleges, without limitation, that on April 11, 2025, Defendants wrongfully arrested Mr. Small after assaulting him and wrongfully pursued the criminal prosecution of Mr. Small.

3. Plaintiff further alleges that Defendant Ethan Sulek wrongfully used gratuitous force against Mr. Small when he punched Mr. Small in the face twice prior to falsely arresting him. Defendants had no probable cause to arrest or detain Mr. Small and Mr. Small posed NO threat to Defendants or others.

4. This cause of action is for money damages brought pursuant to 42 U. S. C.  §1983 to redress the deprivation of the rights of Christopher Small under the color of law by members of the Akron Police Department.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over federal questions pursuant to 28 U.S. C. § 1331, §1343, and 42 U. S. C. §§ 1983,1988.

6. Venue is proper in the Northern District of Ohio pursuant to 28 U.S.C.§1391 (b) because all incidents and events giving rise to the action occurred in the Northern District of Ohio, and upon information and belief, all parties reside in this Judicial District.

## PARTIES

7. At all times relevant to this action, Plaintiff was a resident of the City of Akron, Summit County, Ohio.

8.  At all times relevant to this action, Defendants are/were employed as police officers for the City of Akron, Ohio, and are residents of Summit, Stark, Portage, or Trumbull County, Ohio.

9.  At all times relevant to this action, the City of Akron, Ohio is a municipal corporation located in Summit County, state of Ohio.

10. Redress is being sought from all Defendants in their official and individual capacities, and all Defendants were acting under and/or outside of color of law and/or pursuant to the policies, customs, and/or usages of the City of Akron.

## FACTUAL ALLEGATIONS

**April 11, 2025 Wrongful Arrest of Plaintiff**

11. On April 11, 2025, Defendant police officers were traveling behind Mr. Small driving down Orlando Ave. in Akron Ohio.

12. Defendants alleged that Mr. Small committed a traffic violation while maneuvering around a vehicle that was impermissibly stopped and blocking traffic.

13. Mr. Small then proceeded to enter the driveway of his home to park his vehicle when Defendants allegedly turned on their lights and sirens.

14. Mr. Small proceeded to get out of his vehicle, which is parked in his home driveway, to inquire why Defendants had turned on their lights and sirens.

15. Defendants immediately became aggressive and began to escalate the interaction by barking unnecessary and unreasonable orders.

16. With no probable cause, Defendants began to grab Mr. Small and place him under arrest.

17. Defendants forcibly took Mr. Small to the ground and Defendant Ethan Sulek wrongfully used gratuitous force against Mr. Small by striking Mr. Small in the face twice.

3

18. Defendants then placed Mr. Small into their police cruiser and took Mr. Small to the summit county jail on charges of obstructing official business, willful fleeing, and resisting arrest.

**Summit County Grand Jury No Bill**

19. Defendants signed complaints and perused charges against Mr. Small for obstruction of official business, willful fleeing, and resisting arrest.

20. The Summit County Prosecutors Office presented charges to the grand jury following Defendants' signing charges.

21. Plaintiff has a good faith basis to believe Defendants gave testimony during the Grand Jury proceedings.

22. On May 19, 2025, the Summit County Grand Jury returned a No Bill for all charges.

**CLAIMS ALLEGED**
**COUNT 1**
**(42 U. S. C. §1983 – False Arrest / Improper Seizure)**

23. All preceding paragraphs are incorporated as if fully re-written herein.

24. This claim is brought pursuant to Title 42 U.S.C. § 1983.

25. Title 42 U.S.C. §1983 states, in relevant part: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . ."

4

26. The Fourth Amendment to the United States Constitution states, in relevant part, "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated. . . ."

27. While acting under color of state law, Defendant police officers deprived Plaintiff of his well-established right to be free from being arrested with no probable cause.

28. On April 11, 2025, the Defendant police officers were only permitted to make an arrest after finding probable cause that Plaintiff committed a crime.

29. At no point did Defendant police officers have probable cause to arrest Plaintiff.

30. Defendant police officer violated Plaintiff's Fourth Amendment right against unlawful seizure when, through threat of force and actual display of authority, they detained and arrested Plaintiff without probable cause.

31. At all times relevant to this matter, the Defendant police officers were clothed with the authority of the state and misused that authority.

32. As a direct and proximate result of Defendant police officer's actions, as set forth above, Plaintiff has been damaged, including but not limited to, physical injuries, endured pain, anguish, embarrassment, humiliation, feelings of powerlessness, harm to self-esteem, emotional distress, fear, anxiety, loss of sense of personal safety, and dignity.

33. Defendants are jointly and severally liable for this conduct.

34. Defendants are personally liable and ineligible for qualified immunity as their conduct violated Plaintiff's constitutional rights, and Plaintiff's rights were clearly established at the time of the violation.

**COUNT 2**
**(42 U. S. C.  §1983 – Malicious Prosecution)**

35. All preceding paragraphs are incorporated as if fully re-written herein.

36. This claim is brought pursuant to Title 42 U.S.C. § 1983.

37. Defendants made, influenced, or participated in the decision to prosecute the Plaintiff.

38. Defendants lacked probable cause when they made, influenced, or participated in the decision to prosecute the Plaintiff by engaging in the conduct described above.

39. Defendants knew they lacked probable cause when they made, influenced, or participated in the decision to prosecute the Plaintiff by engaging in the conduct described above.

40. Defendant police officers pursued criminal charges to evade liability for wrongdoing and accountability for the harm inflicted upon Plaintiff.

41. As a direct and proximate result of Defendants' actions, Plaintiff suffered a deprivation of liberty.

42. The criminal proceedings of Plaintiff resulted in Plaintiff's favor.

43. As a direct and proximate result of Defendants' actions, as set forth above, Plaintiff has been damaged, including but not limited to, pain, anguish, embarrassment, humiliation, feelings of powerlessness, harm to self-esteem, emotional distress, fear, anxiety, loss of sense of personal safety, and dignity.

44. Defendants are jointly and severally liable for this conduct.

45. Defendants are personally liable and ineligible for qualified immunity as their conduct violated Plaintiff's constitutional rights, and Plaintiff's rights were clearly established at the time of the violation.

**COUNT 3**
**(State Law Claim – Malicious Prosecution)**

46. All preceding paragraphs are incorporated as if fully re-written herein.

47. Defendants made, influenced, or participated in the decision to prosecute the Plaintiff by engaging in the conduct described above.

48. Defendants lacked probable cause when they made, influenced, or participated in the decision to prosecute the Plaintiff.

49. Defendants knew they lacked probable cause when they made, influenced, or participated in the decision to prosecute the Plaintiff by engaging in the conduct described above.

50. Defendant police officers acted with malice in pursuing criminal charges against Plaintiff.

51. Defendant police officers pursued criminal charges to evade liability for wrongdoing and accountability for the harm inflicted upon Plaintiff.

52. The criminal proceedings of Plaintiff resulted in Plaintiff's favor.

53. As a direct and proximate result of Defendants' actions, as set forth above, Plaintiff has been damaged, including but not limited to, pain, anguish, embarrassment, humiliation, feelings of powerlessness, harm to self-esteem, emotional distress, fear, anxiety, loss of sense of personal safety, and dignity.

54. Defendants are jointly and severally liable for this conduct.

55. Defendants are personally liable and ineligible for qualified immunity as their conduct violated Plaintiff's constitutional rights, and Plaintiff's rights were clearly established at the time of the violation.

### COUNT 4
### (42 U. S. C. §1983 – Excessive Force)

56. All preceding paragraphs are incorporated as if fully re-written herein.

57. This claim is brought pursuant to Title 42 U.S.C. § 1983.

58. Title 42 U.S.C. §1983 states, in relevant part: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . ."

59. The Fourth Amendment to the United States Constitution states, in relevant part, "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated. . . ."

60. While acting under color of state law, Defendant Ethan Sulek deprived Plaintiff of his well-established right to be free from excessive force by engaging in conduct described above.

61. While acting under color of state law, Defendant Ethan Sulek deprived Plaintiff of his well-established constitutional right not to be subjected to excessive force while being arrested, even if his arrest could have been otherwise proper.

62. While acting under color of state law, Defendant Ethan Sulek deprived Plaintiff of his well-established constitutional right to be free from gratuitous force when he was not actively resisting arrest, posed no danger to Defendant police officers or third parties, and Defendant had no probable cause to detain or arrest Plaintiff.

63. On April 11, 2025, Defendant Ethan Sulek was only permitted to use the amount of force necessary under the circumstances to arrest Plaintiff.

64. At all times relevant to this matter, Defendant Ethan Sulek was clothed with the authority of the state and misused that authority.

65. In this case, Plaintiff claims Defendant Ethan Sulek used excessive force when he arrested and/or seized the person of Plaintiff, to wit:

    a.  Defendant Ethan Sulek grabbed Plaintiff; and

    b.  Defendant Ethan Sulek took Plaintiff to the ground; and

    c.  Defendant Ethan Sulek placed Plaintiff in handcuffs; and

    d.  Defendant Ethan Sulek applied gratuitous force to Plaintiff when he punched Plaintiff in the face while Plaintiff was not resisting arrest.

66. As a direct and proximate result of Defendant Ethan Sulek's actions, as set forth above, Plaintiff has been damaged, including but not limited to, physical injuries, endured pain, anguish, embarrassment, humiliation, feelings of powerlessness, harm to self-esteem, emotional distress, fear, anxiety, loss of sense of personal safety, dignity, and loss of time.

67. Defendants are personally liable and ineligible for qualified immunity as their conduct violated Plaintiff's constitutional rights, and Plaintiff's rights were clearly established at the time of the violation.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs demand that judgement be entered in their favor on all counts and pray the Court award the following relief:

A.  Compensatory and consequential damages in an amount exceeding the jurisdictional amount in controversy requirement, to be determined at trial, for the violation of Plaintiffs' rights;

B.  Punitive damages in an amount to be determined at trial for the Defendants' willful, wanton, malicious, and reckless conduct;

C.  Attorneys' fees and the costs of this action pursuant to law; and

D.  All other relief which this Honorable Court deems equitable and just.

## JURY DEMAND

Plaintiffs respectfully demand a trial by jury of the within matter.

Dated:  April 26, 2026                    Respectfully submitted,


 _/s/ Imokhai Okolo_____
Imokhai Okolo
(Ohio Bar #100277)
**THE OKOLO LAW FIRM LLC**
850 ½ W. Exchange St.
Akron, OH  44302
Telephone: (216) 236-8857
Email:  imokhai@okololawfirm.com

*Counsel for Plaintiff*

10